## THE STATE *vs.* JAMES W. BEAVER.

### Proof of *intent* to kill.

INDICTED for an assault, with intent to kill William B. Crammer.

The prisoner's counsel denied that the test proposed by the State, whether the assault was with intent to commit murder, namely, whether if the person wounded had died, it would have been murder, was a correct test. Malice was an inference of law; intent was an inference of fact, from other facts proved. He cited 3 *Harr. Rep.*, 371, *The State* vs. *Negro Bill Johnson.*

There was in point of fact no intent even to assault Crammer. The dispute was not with him; and the purpose, whatever it was, was not to shoot him; but to shoot another. If malice was the question, that would be inferred by law from the illegal act; but the in-

tent was a fact charged in the indictment, and charged to be an intent
to kill William Crammer. There was no proof of any such intent.
The threat was that he would shoot the person who dared to throw
off his fasts, and thus put him adrift in the ice, with a disabled ves-
sel. An aggravated assault and battery may be punished in the
discretion of the court by fine and imprisonment; but an assault
with intent to murder is a much more aggravated offence, implying
deliberation and malice, and which the law intends to punish as
such. The intent is the gravamen of the complaint; and without
such intent being proved, the indictment cannot be sustained.

The case was argued by *Mr. Gordon,* for the State, and *Mr. J.
A. Bayard* and *T. F. Bayard,* for the defence. The defence in-
sisted that as it must be alledged and was alledged, that the assault
was on William B. Crammer, with intent to kill *him,* such an intent
must be proved; though on a question of malice, in case of murder
it would not be necessary to prove that the man murdered was the
one intended to be injured. The point of discussion was, whether
intent was an inference of law; like malice was; or a fact to be
proved in itself, though by inference from other facts. On this
question, the defence cited 3 *Harr. Rep.,* 371; *Whar. Amer. Crim.
Law,* 467. They cited the case of a man shooting his own second
in a duel accidentally; if he killed him it would be murder, for
the law would imply malice from the illegal act; but the principal
could not be convicted of an assault on his own second, with intent
to kill him. So of a party indicted for an assault, with intent to
commit a rape, if violence were done to a person who interfered to
prevent it, and such violence resulted in death, it would be murder,
but how in such case could it be said the assault on such person was
with intent to commit a rape ?

The State contra referred to, but did not produce, 3 *Crown Cases,*
60; *Jebb's Rep.*

On the question the Court divided, and Judge HARRINGTON
charged the jury that intent was not to be implied, as malice might
be, solely from the unlawful act; but as the intent to kill Crammer
was a fact charged in the indictment, and an essential ingredient in
the offence, it must be proved as a fact, so far as intent can be
proved; which must be by the proof of other facts,—the charac-
ter of the assault; the weapon used; the danger of producing death;
and the means used to produce or avoid death. The jury was told,
therefore, that if on the facts they were satisfied the prisoner as-

saulted Crammer intending to kill him, they ought to convict him of that aggravated offence; but if they were not satisfied on the proof that he intended to kill, they ought to acquit him of the felony, and find him guilty of the assault only, which was merely a misdemeanor.

The jury rendered a verdict of guilty, with intent to kill.